UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA             :
                                                        12 Cr 376 (RMB)
                                                     :
        Plaintiff,

    -against-                                        :
                                                     :

RUDY KURNIAWAN                                       :
                                                     :
        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENTION TO RELY UPON 404(B) EVIDENCE**

COMES NOW the Defendant, Rudy Kirniawan, by and through undersigned counsel, and respectfully moves this Court to direct the Government (1) to give pre-trial notice, under Rule 404(b) of the Federal Rules of Evidence, of its intention to introduce evidence alleging Defendant's commission of other crimes, wrongs, acts and misconduct, and (2) to provide Defendant, within a reasonable time, a list of all such evidence, including names of witnesses, dates, summaries of expected testimony, and any related documentary evidence.

Pretrial notice of 404(b) material is required so that a Defendant is not subjected to a "trial by ambush." *See, United States v. Kelly*, 420 F.2d 26, 29 (2nd Cir. 1969). To prevent the introduction of such evidence, and to head off time-consuming and potentially prejudicial contests before the jury over the admissibility of such evidence, Defendant seeks pre-trial disclosure of the Government's intention to rely upon such

1

troublesome evidence. The right of the accused to be advised of such evidence prior to trial arises from basic rights under the Fifth and Sixth Amendments. These include the right to notice of the nature and cause of the accusation, the right to prepare a defense, the right to confrontation of witnesses, the right to effective assistance of counsel, and the right to trial in accordance with due process of law. These guarantees will be hopelessly frustrated if Defendant does not receive notice of such evidence until it is offered against him at trial. *United States v. Baum*, 482 F.2d 1325 (2nd Cir. 1973).

In *Baum*, a conviction for possession of stolen goods was reversed where such a motion had been denied. The court stated:

> "Confronted for the first time with the accusation of prior criminal conduct and the identity of the accuser, the defendant had little or no opportunity to meet the impact of this attack in the midst of trial. This precarious predicament was precipitated by the prosecutor."
> *Id*. at 1331.

Similarly, in *Riggs v. United States*, 280 F.2d 750, 753 (5th Cir. 1960), the former Fifth Circuit strongly condemned nondisclosure of a transaction not included in the indictment but "saved to be used as a surprise knockout blow." *See also, United States v. Paone*, 782 F.2d 386, 395 (2nd Cir. 1986).

This Court, as well as Defendant, has a stake in pretrial disclosure of the Government's intention to interject 404(b) evidence into the trial. Admissibility of such evidence ordinarily poses serious questions of law that may delay the proceedings if litigated during the course of the trial. Moreover, if the government is allowed to admit such evidence during the trial, mid-trial continuances may be necessary in the interest of justice to allow the accused a fair opportunity to meet the evidence. Finally, erroneous admission of such evidence remains a common source of mistrials, appeals and retrials.

Sound judicial administration requires pre-trial notice of the Government's intention to use 404(b) evidence. This pre-trial notice is needed so that the question of admissibility can be resolved before the jury is exposed to *voir dire* examination and opening statements. *See, United States v. Gray*, 730 F.2d 733 (11th Cir. 1984).

In fairness to Defendant and to the trial court, Defendant's motion should be granted. *E.g., United States v. Stofsky*, 409 F.Supp. 609, 620 (S.D. N.Y. 1973); *cf., United States v. Solomon*, 490 F.Supp. 373 (S.D. Ga. 1980) [Government voluntarily gave defendant, under Rule 12(d)(1) of the Federal Rules of Criminal Procedure, pre-trial notice of intention to use other crimes evidence].

Additionally, to further enable Defendant and the Court to consider the admissibility of any Rule 404(b) evidence in an orderly and intelligent manner, Defendant requests the Court to order the Government to provide Defendant, within a reasonable time, a list of any and all such contemplated Rule 404(b) evidence, including names of witnesses, dates, summaries of expected testimony, and any related documentary evidence.  *See, United States v. Kilroy*, 523 F.Supp. 206, 216 (E.D. Wis. 1981).

    __/s/ Jerome H. Mooney_____
Jerome H. Mooney
Weston Garrou & Mooney
12121 Wilshire Boulevard, #525
Los Angeles, CA 90025
Tel.: 310-442-0072; Fax: 310-442-0899
Email:  jerrym@mooneylaw.com