USDC SD..
DOCUM..
ELECTR..
DOC #:_____
DATE FIL1  11/26/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                           :
UNITED STATES OF AMERICA                   :     **POST-INDICTMENT RESTRAINING**
                                           :     **ORDER PURSUANT TO 18 U.S.C. § 981,**
        - v. -                             :     **21 U.S.C. § 853, and 28 U.S.C. § 2461**
                                           :
RUDY KURNIAWAN,                            :     12 Cr. 376 (RMB)
        a/k/a "Dr. Conti,"                 :
        a/k/a "Mr. 47,"                    :
                                           :
                    Defendant.             :
                                           :
------------------------------------------------------x

       Upon the application of PREET BHARARA, United States Attorney for the Southern

District of New York, by Anand Sithian, Special Assistant United States Attorney, pursuant to Title

18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853, Title 28,

United States Code, Section 2461(c), and the Declaration of Financial Analyst Steven Yagoda,

executed on November 25, 2013, and all papers submitted in support thereof,

       **IT IS HEREBY ORDERED** that:

       i.     RUDY KURNIAWAN, a/k/a "Dr. Conti," a/k/a "Mr. 47," the defendant; and

       ii.    All attorneys and other persons and entities acting for or in concert with the

above-named defendant, businesses and/or entities having actual knowledge of this Order;

       Shall not take any action prohibited by this Order;

**IT IS FURTHER ORDERED** that the defendant, his attorneys, agents, employees and anyone acting on his behalf, and all persons or entities acting in concert or participation with any of the above, all relevant financial institutions, and all persons and entities having actual knowledge of this Order, shall not, directly or indirectly, transfer, sell, assign, pledge, hypothecate, encumber, or dispose of in any manner; cause to be transferred, sold, assigned, pledged, hypothecated, encumbered, disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of property or other interests belonging to, or owed to, or controlled in whole or in part by the defendant, which property or other interests are subject to forfeiture. The property and other interests hereby restrained include, but are not limited to, the following:

a) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 11782 Southampton Court, Los Angeles, California 90077, more particularly described as: Parcel # 4377-48-11, Tract# 43918 and Lot# 14;

b) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 9638 East Naomi Ave., Arcadia, California 91007, more particularly described as: Parcel# 8383-005-001, Tract# 52901 and Lot# 4;

c) All wine stored at Pacific Wine Distributors in Irwindale, California, held in the name of the defendant;

d) All right, title, and interest in Etienne & Partners investment in vineyards and wines in Burgundy, France;

e) All right, title, and interest in the Mozza LLC restaurant group in the amount of $100,000, including any and all dividends issued to the defendant;

f) All funds on deposit in Wells Fargo Account Number 5488926907;

g) All right, title, and interest in two Patek Philippe watches purchased from Feel Good Watches in the amount of $55,160.00;

h) All right, title, and interest in purchases from Chong Hing Jewelers in the amount of $722,237.86, including, but not limited to, the following:

2

| Date | Chong Hing Invoice# | Amount of Invoice | ITEM |
|---|---|---|---|
| 4/1/2006 | 50311 | $50,000.00 | 1 Patek Philippe watch |
| 4/1/2006 | 50312 | $15,000.00 | 1 Patek Philippe watch |
| 4/20/2006 | 39093 | $33,600.00 | 1 Mikimoto s/s pearl necklace |
| 4/20/2006 | 39094 | $17,945.00 | 1 Mont Blanc pen |
| 9/21/2006 | 56897 | $332,000.00 | 2 Patek Philippe watches |
| 10/8/2006 | 56832 | $17,916.86 | 3 OP Ferrari watches |
| 10/21/2006 | 57726 | $28,000.00 | 2 Patek Philippe watches |
| 10/21/2006 | 57725 | $4,800.00 | 1 pair of 18k Diamond Earrings |
| 10/22/2006 | 57094 | $3,300.00 | 1 Omega watch |
| 10/22/2006 | 57093 | $4,500.00 | 1 OP watch |
| 12/1/2006 | 57893 | $2,300.00 | 1 Tag Heuer watch |
| 6/17/2007 | 63293 | $150,585.00 | 2 Patek Philippe watch |
| 2/13/2007 | 55682 | $7,935.00 | 1 Patek Philippe watch |
| 7/21/2007 | 62733 | $54,356.00 | 1 JLC & 3 JWC watches |

i)   All right, title, and interest in Todd Eberle: Detail: 100 Untitled Works in Mill Aluminum by Donald Judd. The Chinati Foundation, Marfa, Texas, August 1993. 1993 Digital C-Print Edition #2/3, purchased from the Gagosian Gallery;

j)   All right, title, and interest in Damien Hurst: Acetylnucleic Acid 2006. Household gloss on canvas, purchased from the Gagosian Gallery;

k)   All right, title, and interest in Damien Hurst: Beautiful, I Pushed The Controls Ahead of Rockets Blazed, I Don't Want To Be A Dead Artist Painting, 2005. Household gloss on canvas, purchased from the Gagosian Gallery;

l)   All right, title, and interest in ZHANG XIAOGANG: The Sisters (The Grand Family no. 7), 1996 Oil on Canvas, purchased from the Gagosian Gallery;

m)   All right, title, and interest in purchases from Christies in the amount of $309,364.94;

3

n)  All right, title, and interest in purchase of two chandeliers from John J. Nelson Antiques in the amount of $259,800;

o)  All right, title, and interest in any accounts at JP Morgan Chase Bank Private Client Group Account in the amount of $33,351.50;

p)  All right, title, and interest in any accounts of Golden Capital at Oppenheimer Co Inc account # G24-1501258 in the amount of $22,475.00;

all of which constitute proceeds obtained as a result of the mail fraud and wire fraud offenses alleged in the Superseding Indictment.

**IT IS FURTHER ORDERED** that the United States Attorney's Office for the Southern District of New York, in its discretion, is authorized to direct the release of assets restrained herein;

The entities listed in this Order where the defendant maintained assets may contact the following Assistant United States Attorneys to clarify the scope of the Order: Assistant United States Attorney Jason P. Hernandez, Telephone Number (212) 637-1024; Special Assistant United States Attorney Anand Sithian, Telephone Number (212) 637-1085. Those entities will not be deemed in violation of this Order for any transactions undertaken upon oral approval made by the aforementioned Assistant United States Attorneys.

**IT IS FURTHER ORDERED** that this Restraining Order shall be binding upon the defendant, his attorneys, agents, and employees, and all persons in active concert or participation with any of the above, all entities described herein, or any other person having actual knowledge of this Order, and that this Order shall remain in effect until further order of this Court;

**IT IS FURTHER ORDERED** that upon request by the Government, the above identified financial institutions will identify the account name, account number and signatories

4

for the restrained account and provide the Government with monthly statements of the restrained account and the balance in the account;

**IT IS FURTHER ORDERED** that upon request by the Government, any above identified entity, including entities from whom assets subject to forfeiture were purchased, shall provide to the Government invoices or receipts describing with particularity any property described above;

**IT IS FURTHER ORDERED** that upon request by the Government, any entity named herein shall provide to the Government an inventory of any items ordered restrained and inventory records;

**IT IS FURTHER ORDERED** that any entity named herein shall accept service of this Order by email or facsimile transmission provided that an original hard copy is thereafter served by regular mail upon the request of the entity; and

**IT IS FURTHER ORDERED** that service of a copy of this Order shall be made on the defendant's attorney by regular mail and email.

Dated:  New York, New York
        November 26, 2013

SO ORDERED:

_____
HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK