**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

July 16, 2014

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    United States v. Rudy Kurniawan, 12 Cr. 376 (RMB)

Dear Judge Berman:

      In response to this Court's orders of July 9, 2014 and July 14, 2014, enclosed please a list that contains (1) the names of the victims of the defendant's offenses; (2) the dates (or date range) of victimization; (3) a description of the manner by which Kurniawan victimized these individuals, together with a brief description of the underlying support for the victim claims; and (4) a description of the steps, if any, taken by the victims to prevent victimization.

      We note that, with respect to category (4), above (the "steps taken to avoid victimization"), this category appears to be more applicable to the auction houses that were involved in the sales and purchases of the Kurniawan wines.  In that regard, we have learned that both Zachys and Christies have worked with the FBI to photograph a significant number of the labels fabricated by the defendant in order to analyze the manner by which the labels were fabricated (<u>e.g.</u>, paper type, use of fonts and styles, etc.).  Hopefully, this information will allow these auction houses to more readily identify the characteristics of questionable wines consigned for sale, and thus help to prevent the resale of counterfeit wines in the future.

      In addition to the steps of the auction houses, we have learned that Domaine Ponsot, one of the indirect victims of the defendant's scheme (in that Kurniawan created fake Ponsot wines, but sold them, or attempted to sell them, to private purchasers), has employed, and championed to other domaine owners, the use of new methods and devices to, in effect, mark and brand their wine using counterfeit prevention markings and identifiers.  The hope is that these steps, too, will make the identification of fakes easier.

Next, we note that the list of victims contains two names --- Reid Buerger and Andrew Hobson --- that were not contained on the original list of victims that we provided to the Court on May 23, 2014. The reason for this is that counsel for Mr. Buerger contacted us and provided victim information only in June 2014, after the submission of the original list. With respect to Mr. Hobson, although his status as a putative victim was known to us earlier, the review, by Government expert Allan Frischman, of Hobson's purchases from the defendant also occurred in June 2014. We wanted to await the Frischman review, and determinations of inauthenticity, until we identified the nature and extent of Hobson's status as a victim.

Finally, we note that the amount of the William Koch victim claim was reduced from $2.23 million to $2.1 million. The latter figure is the amount paid by Koch for the fake wines sold to him by the defendant, which we believe to be the appropriate number. In addition, the Doyle claim was increased from $8-10 million, to $15.111 million, based on a recent analysis of the Doyle wines by Susan Twellman. That analysis will be provided to the Court under separate cover.

    Respectfully submitted,

    PREET BHARARA
    United States Attorney

By: //s// Stanley J. Okula, Jr.
    Stanley J. Okula Jr.
    Assistant U.S. Attorney
    (212) 637-1585

cc:  Defense Counsel