# VICTIM LIST --- U.S. v. KURNIAWAN

| Victim Name | Dates and Amounts of Losses | Manner by Which Kurniawan Victimized the Victims (or Underlying Proof Concerning Victimization) | Steps, if any, to Avoid Victimization or Prevent Losses |
|---|---|---|---|
| David Doyle | ~$15.111 million<br><br>09/06/03 thru 04./13/07 | Susan Twellman testified at trial that Doyle purchased 6 bottles of 1945 DRC Romanee Conti and several magnums of Domaine Ponsot wines, among other wines, for $3.2 million. (*See* Twellman Testimony, 12/12/13 Tr. at 706-710). A trial exhibit reflecting the purchase was attached as **Exhibit A** to Government's May 23, 2014 submission. Several of the wines listed in Exhibit A were wines that Kurniawan frequently counterfeited. Through counsel, Doyle has informed the Government that he paid a total of approximately $15.111 million to Kurniawan for wine (via money transfers, and the transfer of an Aston Martin vehicle).. Twellman and counsel for Doyle informed the Government that Doyle retained a paper expert examine the labels on the bottles he bought from Kurniawan and that based on the expert's conclusions, Doyle estimates that Kurniawan sold him $15.111 million in fake wine. Twellman --- who lives in California and was prepared to testify at any sentencing hearing --- has prepared a supplemental affidavit that did an extensive analysis of the wines purchased by Doyle from Kurniawan directly, or through auction. That affidavit will be submitted to the Court under separate cover. | |
| Michael Fascitelli | $5,500,000<br><br>09/28/06 thru March/April 2008 | Between September and December 2006, Fascitelli wired $5.5 million to Kurniawan for 914 units of wine that Kurniawan promised to deliver by December 31, 2006. Fascitelli received 812 of the 914 units in March and April 2008, but never received 102 units for which he paid $684,000.<br><br>The wine received was overwhelmingly counterfeit. In particular, Michael Egan, the Government expert at trial, examined the wines sold by Kurniawan to Fascitelli and concluded that a very high percentage were fake. (*See* Egan Testimony, 12/16/13 Tr. at 1067-68 (stating that of the wine collections Egan has inspected, Fascitelli and William Koch were the two largest victims)). Egan's expert reports, in which he concludes that a very high percentage of the wines that Mr. Fascitelli bought from Kurniawan are fake, were attached as **Exhibit B** to Government's May 23, 2014 submission. Fascitelli paid approximately $5,500,000 for fake wines sold by Kurniawan. | According to counsel, Fascitelli has redoubled his efforts to guard against fraud in connection with wine purchases, relying more than ever on experts and other professionals in connection with his purchases. |

| | | | |
|---|---|---|---|
| Mission Fine Wines | ~$3,000,000<br><br>July 2011 (from Vanquish, which had purchased from the defendant) | Kurniawan sold fake wines to a company called Vanquish under his brother's name, Dar Saputra. The fakes were sold to two other companies and were last bought by Mission Fine Wines ("Mission"). Many of the wines were sent by Mission to Domaine de la Romanee Conti ("DRC") for inspection and DRC concluded that nearly all of the bottles were fake or highly questionable.  A copy of DRC's response to Mission was attached to the Government's May 23, 2014 submission as **Exhibit C**.[1] | N/A |
| William Koch | $2,100,000<br><br>04/26/05 thru 01/28/06 (as reflected in Dkt. Entry 127-10, filed 05/25/14) | Koch testified that he paid at least $2.1 million for wines be bought from Kurniawan that experts have determined to be fake. (Koch Testimony, 12/13/13 Tr. at 749-751); *see* also Egan Testimony, 12/16/13 Tr. at 1067-68 (stating that of the wine collections Egan has inspected, Fascitelli and Koch were the two largest victims). One of those experts is Michael Egan.  Koch has filed a civil lawsuit against Kurniawan. | N/A |
| Brian Devine | ~$1,500,000[2]<br><br>02/26/03 thru 07/20/2005 | Devine purchased approximately $1.5 million worth of wine from Kurniawan, most of which was fake. Kurniawan sold the wines to Devine while posing as someone named "Leny Tan."  Devine tried to consign many of the wines he purchased from Kurniawan at Zachys, but Zachys rejected the entire consignment because the collection contained so many fakes. Attached to the Government's May 23, 2014 submission was **Exhibit D**, an email in which Devine states that he has purchased $1.5 million in wine from "Leny Tan" and an email informing Devine that Zachys rejected all of the wines Devine bought from Tan/Kurniawan.<br><br>Kurniawan apparently does not contest his sale of the fake wine to Devine, but claims that he reimbursed Devine.  In an affidavit dated June 29, 2014, attached hereto as **Exhibit E**, Devine unequivocally denies that he was reimbursed in any manner. | N/A |

---

[1] The letter from Mission to DRC states that the parcel was purchased for more than $1.5 million, but the Government's investigation, which included reviewing purchase records and interviewing others involved in the transaction, show that the total transaction was closer to $3 million.

[2] The Government has lowered the estimated loss for Mr. Devine based on Mr. Devine's statement in an email that he purchased $1.5 million worth of wine from "Leny Tan". Although Mr. Devine's total purchases exceeded $1.5 million, in keeping with the Government's conservative approach to calculating the loss amount, the Government will rely on the lower amount, $1.5 million.

| | | | |
|---|---|---|---|
| Andrew Hobson | $3,118,856<br><br>October 2002 thru October 2007 | Last month, Government's expert Allan Frischman inspected more than 50 representative bottles of wine that Kurniawan sold to Hobson. Nearly all of the wines were fake or could not be authenticated. Very few wines – mostly wines from California and a small number of rare French wines – were found to be authentic. In all, Hobson paid Kurniawan $3,541,463 for wine. (Of that total, Mr. Hobson paid $552,531.28 for wines that were never delivered to him.) Based, on Mr. Frischman's analysis, we believe that Hobson purchased approximately $3,118,856 in fake wine from Mr. Kurniawan. We arrived at that total by subtracting the value of the authentic wines from the grand total. Accordingly, we believe that Kurniawan's loss amount should reflect an additional $3,118,856 in fake wine for purposes of restitution. Frischman's notes from the cellar inspection and a spreadsheet prepared by Hobson that identifies all of his purchases from Kurniawan were provided to defense counsel and Probation. (Both are attached hereto.) The circled totals in the spreadsheet are wines that are either likely authentic or that Mr. Fischman needed more information to base an opinion. We have subtracted the value of those wines from the grand total to arrive at an approximate loss calculation of $3,118,856.<br>This calculation is based on an extrapolation of the representative review done by Frischman. (For instance, if there were nine bottles of the same ostensibly bogus Burgundy (that is, from the same domaine and of the same vintage), Frischman reviewed two of the bottles and, upon determining they were fakes, concluded that the remaining seven were, as well.) | N/A |
| Reid Buerger | $192,254<br><br>(plus $55,424)<br><br>October 2006 | Buerger purchased numerous bottles of wine at the October 2006 Acker Merrill auction, which exclusively featured wines consigned by Kurniawan. When Buerger recently sent a subset of the purchases made at the October 2006 auction to Heritage Auctions, an expert there determined that the bottles were fake. Buerger is in the process of attempting to determine the authenticity of additional bottles, many of which were of the type that Kurniawan widely counterfeited. It should be noted that the price paid for those determined by Heritage to be inauthentic was $192,254. A preliminary examination of 15 bottles and 7 magnums purchased by Buerger at the same auction are believed to be fakes, as well. The victim paid $55,424 for these additional bottles --- which were of the very same types counterfeited by the defendant. | N/A |