

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

July 18, 2014

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>United States v. Rudy Kurniawan</u>, 12 Cr. 376 (RMB)

Dear Judge Berman:

      We write to supplement the filing we made on July 16, 2014, which was made in response to this Court's orders of July 9, 2014 and July 14, 2014, relating certain victim loss information.

      First, with respect to the victim "loss" claim of David Doyle, we have been informed by counsel for Mr. Doyle that our submission regarding the loss claim for Mr. Doyle should be amended in the following manner:

      The third to last sentence in the description of the factual basis for the Doyle claim, and the determination of inauthenticity of the wines purchased from Kurniawan, should be revised as follows to state:

> "Twellman and counsel for Doyle informed the Government that Twellman retained an expert in the printing industry to examine the labels on bottles bought from Kurniawan and the expert has determined that less than approximately 1% of the wines were authentic, resulting in an estimated loss approximately equivalent to the total amount paid to Kurniawan ($15 million)."  Thus, the final "loss" figure should be approximately $15 million.

      Second, pursuant to this Court's request, we have endeavored to determine how, if at all, the William Koch settlement with Acker Merrill affects the $2.1 million claim made by Koch in this case.  Pursuant to conversations with Koch's counsel, we have learned than most or all of the fake bottles that underlie the Koch allegations in the Acker civil lawsuit are the same as those

underlying Koch's restitution/loss claim in this criminal case. Nonetheless, because the precise terms of that settlement are sealed, we have not yet been able to determine whether Koch has been made whole. We understand from Koch's counsel that they are endeavoring to determine whether information can be provided to the Court, in order for the Court to ensure, as it must under federal restitution principles, that there is no double recovery. We are hoping to hear from Koch's counsel today or on Monday.

Finally, we are filing herewith three exhibits that were referred to in our July 16, 2014 filing but were inadvertently left out of our ECF filing. Those exhibits are the Twellman Affidavit and the two Hobson-related documents. (We had, however, provided these documents to defense counsel, and we have also in the interim sent copies to the Court.) We apologize for the oversight.

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney

                        By: //s// Stanley J. Okula, Jr.
                              Stanley J. Okula Jr.
                              Assistant U.S. Attorney
                              (212) 637-1585

cc:     Defense Counsel