UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.-

RUDY KURNIAWAN,

*Defendant*,

and

ACKER MERRALL & CONDIT COMPANY,

*Claimant and Third-Party Petitioner*

**MEMO ENDORSED**
*p6*

VERIFIED PETITION AND
REQUEST FOR ANCILLARY
PROCEEDINGS

12 Cr. 376 (S-1)(RMB)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/14

Acker Merrall & Condit Company ("AMC"), by and through its counsel, Steptoe & Johnson LLP and the Weinstein Law Firm PLLC, hereby petitions this Court for an ancillary hearing, pursuant to Title 21, United States Code, Section § 853(n) and Federal Rule of Criminal Procedure 32.2(c), and asserts its interest as Claimant with respect to the specific properties listed in this Court's Consent Preliminary Order of Forfeiture dated August 5, 2014 (as modified by Stipulation and Order dated August 8, 2014).

Nature of the Petition

1. This Petition asserts claims on behalf of AMC to the specific properties that are the subject of the Consent Preliminary Order of Forfeiture entered against defendant Rudy Kurniawan (the "Specific Properties").

2. As set forth below, AMC holds judgment liens and secured interests in Kurniawan's personal and real property arising principally from millions of dollars in loans which had been extended to Kurniawan during the time period between January 2007 and June 2008, and which,

in significant part, remain unpaid. Under Title 21, United States Code, Section 853(n), AMC has a legal right, title and interest in the Specific Properties listed in the Preliminary Order of Forfeiture that is superior to any right, title and interest of the defendant at the time of the acts giving rise to forfeiture. Alternatively, AMC is a bona fide purchaser for value of the right, title and interest in the Specific Properties and was at the time the loans were made and credit was extended reasonably without cause to believe that such assets were subject to forfeiture.

Procedural History

3. On or about March 12, 2012, Kurniawan was arrested on a Complaint charging him with mail and wire fraud violations arising from, *inter alia,* his participation in a scheme to defraud wine collectors and others by selling and attempting to sell numerous counterfeit bottles of purportedly rare and expensive wines.

4. On or about May 9, 2012, Kurniawan was charged in a four-count Indictment charging him with mail and wire fraud violations in connection with the above-described scheme. The Indictment also charged Kurniawan with engaging in a scheme to defraud a finance company that specialized in extending loans secured by valuable collectibles such as art and wine.

5. On or about April 8, 2013, Kurniawan was charged in a two-count Superseding Indictment alleging mail and wire fraud violations. The Superseding Indictment included a Forfeiture Allegation which listed numerous specific properties as being subject to forfeiture by the Government. On or about November 26, 2013, the Court entered a Post-Indictment Restraining Order with respect to these properties.

6. On or about December 18, 2013, Kurniawan was found guilty, after a jury trial, of both counts of the Superseding Indictment.

7. On or about August 5, 2014, the Court entered a Consent Preliminary Order of Forfeiture with respect to the Specific Properties, including but not limited to (a) Kurniawan's residences in Los Angeles County; (b) fine wines; (c) bank accounts; (d) jewelry and watches; and (e) various artworks.

8. In a Stipulation and Order entered by the Court on August 8, 2014, the Consent Preliminary Order of Forfeiture was modified so as to release one of the Specific Properties (real property located in Arcadia, California) in exchange for the payment of $40,000 by the defendant.

Circumstances of Claimant's Interest in the Specific Properties

9. Founded in 1820, AMC is the oldest wine shop in America, currently operating a retail location on the Upper West Side of Manhattan. AMC is also the largest auctioneer for fine and rare wines in the world.

10. By the fall of 2008, Kurniawan had become significantly indebted to AMC as a result of various loans that had been extended to him between January 2007 and June 2008 (the "AMC Loans").

11. Kurniawan executed various agreements in favor of AMC promising to repay the AMC Loans upon demand, plus interest (the "Kurniawan Agreements"). As security for the amounts due on the AMC Loans, Kurniawan also unconditionally granted to AMC, in the Kurniawan Agreements, a security interest in certain works of art (the "Artwork") and in his wine collection (the "Wine").

12. Kurniawan thereafter defaulted on the AMC Loans, by failing to pay the amounts owed, despite AMC's demands. Kurniawan also failed to pay invoices for nearly $1 million worth of wine that he had purchased from AMC (the "AMC Invoices").

3

13. As further assurance that the AMC Loans and the AMC Invoices would be paid in full, and in consideration of AMC forbearing on its right to foreclose on the Wine and the Artwork, Kurniawan executed a *Security Agreement (Chattel Mortgage)*, dated May 2, 2008 (the "Security Agreement"), in favor of AMC, reaffirming AMC's security interest in the Artwork and the Wine.

14. Kurniawan thereafter both defaulted on the Security Agreement and failed to pay the AMC Invoices.

15. On or about November 7, 2008, Kurniawan then executed an *Amendment to Security Agreement (Chattel Mortgage)* (the "Amendment"), granting AMC a security interest in additional works of art (the "Additional Artwork"), and all vehicles, goods and other personal property of Kurniawan (including, without limitation, all jewelry, watches, investment property, security entitlements, securities and bank accounts, and various other property interests).

16. In 2008, UCC-1 Financing Statements with respect to the above-referenced secured interests were filed by AMC in California, New York and Nevada. The filings in all three states have been, from time to time, amended and updated. They are all current with lapse dates in 2018.

17. On or about November 23, 2008, Kurniawan also executed an Affidavit of Confession of Judgment (the "Confession") which was filed in the Supreme Court of the State of New York, New York County on or about November 24, 2008, confessing his indebtedness to AMC in the amount of $10,401,655.06, consisting of amounts owed under the AMC Loans (principal and interest), the AMC Invoices, and certain attorneys' fees and costs. The Confession of Judgment itself (the "Judgment") was entered in the Supreme Court of the State of New York, New York County, on or about November 25, 2008.

4

18. On or about January 26, 2009, a Judgment Based on Sister-State Judgment was entered in the Superior Court of California, County of Los Angeles, domesticating the Judgment in California.

19. On or about January 31, 2013, AMC filed a Notice of Judgment Lien with the California Secretary of State, giving AMC a judgment lien on all of Kurniawan's personal property located within the state of California. On June 7, 2013, AMC also recorded a real property judgment lien on Kurniawan's real property in Los Angeles County, which included real properties located at 9638 East Naomi Avenue, Arcadia CA 91007 and 11782 S. Hampton Court, Los Angeles, CA 90077.

20. To date, approximately $3,812,062.18 of the Judgment and accrued interest remains unpaid and outstanding.

Legal Basis for Claimant's Right to the Specific Properties

21. AMC, by virtue of its secured interests and judgment liens, has a legal right, title and interest in the Specific Properties that was superior to any right, title or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture.

22. In the alternative, AMC is a bona fide purchaser for value of right, title and interest in the Specific Properties and was at the time the loans were made and credit extended reasonably without cause to believe that such assets were subject to forfeiture.

23. AMC expressly reserves the right to amend, modify and/or supplement this Petition in any respect.

WHEREFORE, Claimant respectfully requests that:

(a) The final Order of Forfeiture entered in this case amend the Preliminary Order by accounting for Claimant's third-party rights as set forth above, including by eliminating any forfeiture of Claimant's interest in the Specific Properties; and

(b) This Petition be granted in its entirety, together with such other and further relief as this Court deems equitable and proper.

Dated: September 5, 2014
New York, New York

STEPTOE & JOHNSON LLP

By: s/ Evan T. Barr

Evan T. Barr
Evan Glassman
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900
ebarr@steptoe.com
eglassman@steptoe.com

THE WEINSTEIN LAW FIRM PLLC
Andrew J. Weinstein
Barrie A. Dnistrian
800 Third Avenue, 18th Floor
New York, New York 10022
(212) 582-8900
aweinstein@twlf.com
bdnistrian@twlf.com

*Attorneys for Claimant and Third-Party Petitioner Acker Merrall & Condit Company*

AUSA to respond by 10/28/14.

SO ORDERED:
Date: 10/21/14    Richard M. Berman
Richard M. Berman, U.S.D.J.

## VERIFICATION OF CLAIM

IRFAN MUGHAL, on behalf of Acker Merrall & Condit Company, hereby declares, pursuant to Title 28, United States Code, Section 1746, under penalty of perjury, that he has read the foregoing Verified Petition and Request for Ancillary Proceedings, knows the contents thereof and confirms that the same is true and correct to the best of his knowledge and belief.

Dated: September 5, 2014

Chief Financial Officer
General Counsel

7

## CERTIFICATE OF SERVICE

I, Pamela Safirstein, hereby certify that on this 5th of September, 2014, I caused a copy of the foregoing Verified Petition and Request for Ancillary Proceedings to be served on all counsel of record via the Court's ECF system.

s/ Pamela Safirstein
Pamela Safirstein
