USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/24/15

RECEIVED
FEB 17 2015
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -v.-

RUDY KURNIAWAN,
 a/k/a "Dr. Conti,"
 a/k/a "Mr. 47,"
       Defendant.

- - - - - - - - - - - - - - - - - - - - X

: FINAL ORDER OF
: FORFEITURE AS TO
: SPECIFIC PROPERTIES
:
: S1 12 Cr. 376 (RMB)

    WHEREAS, on April 8, 2013, RUDY KURNIAWAN, the defendant, was charged in a two-count Superseding Indictment, S1 12 Cr. 376 (RMB) (the "Indictment") with mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2 (Count One); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two);

    WHEREAS, the Indictment included forfeiture allegations as to Counts One and Two seeking, pursuant to Title 18, United States Code, Section 982(a)(1)(C), and Title 28, United States Code, Section 2461, the forfeiture of all property, real and personal which constitutes or is derived from proceeds traceable to the commission of the said offenses;

    WHEREAS, on or about November 26, 2013, the Court entered a Post-Indictment Restraining Order pursuant Title 18, United States Code, Sections 981 (a)(1)(C), 982 (a)(1) and (b)(1), Title 21, United States Code, Section 853, Title 28,

United States Code, Section 2461(c), restraining the following, including but not limited to:

    a) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 11782 Southampton Court, Los Angeles, California 90077, more particularly described as: Parcel # 4377-48-11, Tract# 43918 and Lot# 14;

    b) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 9638 East Naomi Ave., Arcadia, California 91007, more particularly described as: Parcel# 8383-005-001, Tract# 52901 and Lot# 4;

    c) All wine stored at Pacific Wine Distributors in Irwindale, California, held in the name of the defendant;

    d) All right, title, and interest in Etienne & Partners investment in vineyards and wines in Burgundy, France;

    e) All right, title, and interest in the Mozza LLC restaurant group in the amount of $100,000, including any and all dividends issued to the defendant;

    f) All funds on deposit in Wells Fargo Account Number 5488926907;

    g) All right, title, and interest in two Patek Philippe watches purchased from Feel Good Watches in the amount of $55,160.00;

h) All right, title, and interest in purchases from Chong Hing Jewelers in the amount of $722,237.86, including, but not limited to, the following:

| Date | Chong Hing Invoice# | Amount of Invoice | ITEM |
| --- | --- | --- | --- |
| 4/1/2006 | 50311 | $50,000.00 | 1 Patek Philippe watch |
| 4/1/2006 | 50312 | $15,000.00 | 1 Patek Philippe watch |
| 4/20/2006 | 39093 | $33,600.00 | 1 Mikimoto s/s pearl necklace |
| 4/20/2006 | 39094 | $17,945.00 | 1 Mont Blanc pen |
| 9/21/2006 | 56897 | $332,000.00 | 2 Patek Philippe watches |
| 10/8/2006 | 56832 | $17,916.86 | 3 OP Ferrari watches |
| 10/21/2006 | 57726 | $28,000.00 | 2 Patek Philippe watches |
| 10/21/2006 | 57725 | $4,800.00 | 1 pair of 18k Diamond Earrings |
| 10/22/2006 | 57094 | $3,300.00 | 1 Omega watch |
| 10/22/2006 | 57093 | $4,500.00 | 1 OP watch |
| 12/1/2006 | 57893 | $2,300.00 | 1 Tag Heuer watch |
| 6/17/2007 | 63293 | $150,585.00 | 2 Patek Philippe watch |
| 2/13/2007 | 55682 | $7,935.00 | 1 Patek Philippe watch |
| 7/21/2007 | 62733 | $54,356.00 | 1 JLC & 3 JWC watches |

i) All right, title, and interest in Todd Eberle: Detail: 100 Untitled Works in Mill Aluminum by Donald Judd. The Chinati Foundation, Marfa, Texas, August 1993. 1993 Digital C-Print Edition #2/3, purchased from the Gagosian Gallery;

j) All right, title, and interest in Damien Hurst: Acetylnucleic Acid 2006. Household gloss on canvas, purchased from the Gagosian Gallery;

3

> k) All right, title, and interest in Damien Hurst: Beautiful, I Pushed The Controls Ahead of Rockets Blazed, I Don't Want To Be A Dead Artist Painting, 2005. Household gloss on canvas, purchased from the Gagosian Gallery;
>
> l) All right, title, and interest in ZHANG XIAOGANG: The Sisters (The Grand Family no. 7), 1996 Oil on Canvas, purchased from the Gagosian Gallery;
>
> m) All right, title, and interest in purchases from Christies in the amount of $309,364.94;
>
> n) All right, title, and interest in purchase of two chandeliers from John J. Nelson Antiques in the amount of $259,800;
>
> o) All right, title, and interest in any accounts at JP Morgan Chase Bank Private Client Group Account in the amount of $33,351.50;
>
> p) All right, title, and interest in any accounts of Golden Capital at Oppenheimer Co Inc account # G24-1501258 in the amount of $22,475.00;

((a) through (p) collectively, the "Subject Properties");

WHEREAS, on or about September 16, 2013, the defendant was found guilty, after a jury trial, of Counts One and Two of the Indictment;

WHEREAS, on or about August 5, 2014, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Properties, forfeiting the defendant's right, title and interest in the Specific Properties (attached hereto, as <u>Exhibit A</u>);

4

WHEREAS, on or about August 7, 2014, the defendant was sentenced and ordered to forfeit all of his right, title and interest in the Specific Properties;

WHEREAS, the Consent Preliminary Order of Forfeiture as to Specific Properties directed the United States to publish, for at least thirty consecutive days, notice of the Consent Preliminary Order of Forfeiture as to Specific Properties, notice of the United States' intent to dispose the Specific Properties, and the requirement that any person asserting a legal interest in the Specific Properties must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Section 853(n)(2) and (3). The Consent Preliminary Order of Forfeiture as to Specific Properties further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Properties and as a substitute for published notice as to the person notified;

WHEREAS, notice of the Consent Preliminary Order of Forfeiture as to Specific Properties and the intent of the United States to dispose of the Specific Properties on www.forfeiture.gov, the official United States government internet site, beginning on September 25, 2014, and continuing for thirty consecutive days thereafter, pursuant to Rule

5

G(4)(a)(IV)(c) of the Supplemental Rules for Admirality and Maritime Claims and Asset Forfeiture Actions, and Proof of publication (a copy of which is attached hereto as <u>Exhibit B</u>) was filed with the Court on January 28, 2015;

WHEREAS, on or about August 25, 2014 and November 18, 2014 the United States sent by Federal Express, notice of the Consent Preliminary Order of Forfeiture as to Specific Properties, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, to Pacific Wine Distributors, Inc., 2393 Buena Vista Street, Irwindale, California 91010, and Deborah Foster, Wright, Finlay & Zak, 4665 MacArthur Court, Suite 280, Newport Beach, California 92660 (a copy of these notices are attached hereto as <u>Exhibit C</u>);

WHEREAS, on or about ~~December 29, 2014~~ January 8, 2015 the Court RMB entered a Stipulation and Order, wherein, the Government and the Petitioner, Acker Merrall & Condit Company ("the Petitioner"), agreed that Petitioner will receive thirty percent of the net proceeds from the sale of the Specific Properties or the sum of $990,000.00, whichever is greater, such net proceeds being calculated only after the payment of $131,639.27 to perspective claimant/interested third-party, Pacific Wine Distributor, Inc. ("PWD");

6

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeiture property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of the forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

WHEREAS, the defendant, Petitioner, and PWD are the only persons/entities known by the Government to have a potential interest in the Specific Properties;

WHEREAS, no other persons/entities have filed a petition or claim asserting any interests in the Specific Properties and the time to do so has expired;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest of the Specific Properties is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant Title 21, United States Code, Section 853(n)(7), the United States of America shall and is hereby deemed to have clear title to the Specific Properties, and the same is hereby forfeited to the United States for disposition according to law.

7

3. The United States Marshals Service shall take possession of the Specific Properties and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4. The Clerk is hereby directed to send four certified copies of this Final Order of Forfeiture to AUSA, Andrew C. Adams, Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One Saint Andrew's Plaza, New York, New York 10007.

SO ORDERED:

**RMB**

_____
HONORABLE RICHARD M. BURMAN
UNITED STATES DISTRICT JUDGE

DATE **2/18/15**