UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                :

   UNITED STATES OF AMERICA         :    **GOVERNMENT'S MOTION IN**
                                :    **SUPPORT OF ITS PROPOSED**
          - v. -                  **PRELIMINARY ORDER OF**
                                :    **FORFEITURE AS TO**
   RUDY KURNIAWAN,                **SUBSTITUTE ASSETS**
     a/k/a "Dr. Conti,"         :
     a/k/a "Mr. 47,"              S1 12 Cr. 376 (RMB)
             Defendant.    :
                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets to include certain property of RUDY KURNIAWAN (the "Defendant") as substitute assets, to be applied towards the forfeiture money judgment that was entered against him in the above-captioned case on or about August 5, 2014.

## I.  Background

On April 8, 2013, the Defendant was charged in a two-count Superseding Indictment, S1 12 Cr. 376 (RMB) (the "Indictment") with mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2 (Count One); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two).

The Indictment included forfeiture allegations as to Counts One and Two seeking, pursuant to Title 18, United States Code, Section 982(a)(1)(C), and Title 28, United States Code, Section 2461, the forfeiture of all property, real and personal which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment.

The Indictment also included a substitute asset provision providing notice that if as a result of the defendant's actions or omissions forfeitable property is unable to be located or obtained, the United States will seek pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant.

On or about September 16, 2013, the Defendant was found guilty, after a jury trial, of Counts One and Two of the Indictment.

On or about August 5, 2014, the court entered a Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment imposing a forfeiture Money Judgment in the amount of $20,000,000.00 in United States currency, representing property constituting, or derived from, proceeds the Defendant obtained as a result of the offenses alleged in Counts One and Two of the Indictment and to the forfeiture of all of his right, title and interest in certain specific property (the "Specific Properties").

On or about February 24, 2015, a Final Order of Forfeiture was entered forfeiting the Specific Properties to the Government.

To date, $18,458,786.66 remains outstanding on the Money Judgment.

## II.   The Location of Additional Assets

As set forth in the Declaration of Deputy United States Marshal Crystal Vazquez of the United States Marshals Service ("USMS") (the "Vazquez Declaration"), the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's fraud to satisfy the outstanding Money Judgment imposed by this Court on August 5, 2014.

However, the United States has located the following assets of the Defendant:

a.      approximately 433 bottles of wine previously held by Christies on behalf of Rudy Kurniawan which is now in the custody of the USMS located at a government-designated auctioneer warehouse in Pflugerville, Texas; and

b.      approximately 420 bottles of wine (104 magnums, equivalent of 208 bottles, and another 212 bottles) currently held by Christies in London, England and Geneva, Switzerland, on behalf of Rudy Kurniawan

(a. and b., collectively, the "Substitute Assets").[1]

For the following reasons, the Government respectfully requests that the Substitute Assets be forfeited to the United States, and applied towards the Money Judgment.

### III.  Discussion

Title 21, United Stated Code, Section 853(p) provides that, if any forfeited property "cannot be located upon the exercise of due diligence, has been transferred, sold to or deposited with a third party, has been placed beyond jurisdiction of the Court, [or] has been commingled with other property which cannot be divided without difficulty," as a result of the defendant's own actions or omissions, the "court shall order the forfeiture of any other property of the defendant, up to the value of property" so transferred or moved by the defendant.

Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that-

> *[o]n the government's motion, the court may <u>at any time</u> enter an order of forfeiture or amend an existing order of forfeiture to include property that:*
> *...*

---

1 The USMS estimates the value of the additional wine held in Texas at $1.8 million, and the additional wine held by Christies in England and Switzerland at $300,000. The combined estimated total value of the additional wine is $2.1 million.

(B) is a substitute property that qualifies for forfeiture under an applicable statute. Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

Thus, the court must order the forfeiture of a substitute asset to satisfy a money judgment where, as a result of the defendant's actions or omissions, the United States is unable to locate or obtain the specific proceeds.   *See United States v. Alamoudi,* 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute asset for the unavailable tainted property").

If there are other persons who claim an interest in the Substitute Assets, they will have an opportunity to challenge the Government's entitlement to the Substitute Assets in the ancillary hearing phase of these proceedings.   *See* 21 U.S.C. § 853(n) and Rule 32.2(c) and (c)(2)(B).   Under Section 853(n) and Rule 32.2(e)(2), the Government must provide notice of its intent to dispose of the property to known interested parties.   Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims.   21 U.S.C. § 853(n)(2).   If there are no petitions filed or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States.   The property will not be disposed of by the Government until all third party claims are resolved by the Court.

4

## IV.  <u>Conclusion</u>

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith forfeiting all of the Defendant's right, title, and interest in the Substitute Assets to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated:   New York, New York
             June 6, 2024

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   _____
         Tara La Morte
         Assistant United States Attorney
         26 Federal Plaza
         New York, New York 10007
         (212) 637-1041

5